# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| e.DIGITAL CORPORATION, | Case No. 13cv781 DMS (WVG) |
|---|---|
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| vs. | |
| RESEARCH IN MOTION LIMITED dba BLACKBERRY *et al.*,, | |
| Defendants; | |
| AND RELATED COUNTERCLAIMS. | |

In this patent infringement action Defendants seek to file under seal the entirety of their motion for judgment on the pleadings. The request is based on Defendants' desire to keep confidential a redacted version of a 2009 Patent Cross License and Settlement Agreement between Plaintiff and a third party, Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions insofar as it contains proprietary information regarding the Z10 Smartphone, and the declaration of Kent W. Serrat, which allegedly contains confidential business information.

Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). The lack of opposition to a motion to seal therefore does not automatically resolve it. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 & *passim* (9th Cir. 2003). A party requesting to seal judicial records attached to a dispositive motion "must show that

'compelling reasons supported by specific factual findings'" outweigh the strong presumption of access to judicial records, which favors disclosure. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010), *quoting Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992).

The motion is based on the contention that some of the information it discloses contains trade secrets and/or that the disclosure of certain confidential information may cause irreparable harm to Plaintiff or a third party. While Defendants' premises appears to be valid, they have failed to make the appropriate showing why the entirety of their motion and exhibits should be sealed, particularly when the motion is intended to address the sufficiency of Plaintiff's allegations. No attempt has been made to identify any particular part of the filing, which exceeds 100 pages. Although some portion of the filing may be shown to rise to the compelling reasons standard, sealing of the entire filing would not be warranted.

For the foregoing reasons, the motion is denied. The filing, which was lodged under seal in its entirety, will not be considered. The motion is denied without prejudice to filing another motion to seal only those portions of the motion for which an appropriate specific showing is made. The Court is not inclined to seal the motion for judgment on the pleadings in its entirety. If Defendants desire the Court to consider their motion for judgment on the pleadings,[1] they must comply with this order no later than **July 10, 2013**.

**IT IS SO ORDERED.**

DATED: July 8, 2013

_____
HON. DANA M. SABRAW
United States District Judge

---

[1] Defendants are reminded that their filings must comply with Civil Local Rules of this District, including the legibility requirements of Rule 5.1(a). The proposed briefs in support of motion for judgment on the pleadings do not comply.