ANTON HANDAL (Bar No. 113812)
anh@handal-law.com
PAMELA C. CHALK (Bar No. 216411)
pchalk@handal-law.com
GABRIEL HEDRICK (Bar No. 220649)
ghedrick@handal-law.com
HANDAL & ASSOCIATES
1200 Third Avenue, Suite 1321
San Diego, California 92101
Tel: 619.544.6400
Fax: 619.696.0323

Attorneys for Plaintiff and Counter-Defendant
e.Digital Corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| e.Digital Corporation, | Case No. 3:13-cv-00781-DMS-WVG |
|---|---|
| Plaintiff, | **REDACTED** |
| v. | **OPPOSITION OF PLAINTIFF E.DIGITAL TO MOTION TO DISMISS UNDER FED. R. CIV. P. 12(c)** |
| Research In Motion Limited dba BlackBerry; Research In Motion Corporation dba BlackBerry, | |
| Defendants. | Date:    August 2, 2013<br>Time:    1:30 P.M.<br>Judge:  Hon. Judge Dana M. Sabraw<br>Ctrm:   13A (Annex) |
| Research In Motion Limited dba BlackBerry; Research In Motion Corporation dba BlackBerry, | |
| Counterclaimants, | |
| v. | |
| e.Digital Corporation, | |
| Counter-Defendant. | |

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*OPPOSITION TO MOTION TO DISMISS*          CASE NO. 3:13-CV-00781-DMS-WVG

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................1

II.  BACKGROUND ..................................................................................................2

III. LEGAL STANDARD ..........................................................................................4

            1.   Direct Infringement ..............................................................................7

            2.   Indirect Infringement ...........................................................................8

IV.  ARGUMENT ......................................................................................................10

    A.   ███████████████████████████████
        █████████████ ...........................................................10

    B.   RIM IS NOT ENTITLED TO AN AFFIRMATIVE DEFENSE
        OF PATENT EXHAUSTION ...........................................................13

        1.   RIM Has Failed To Show A First Sale Within The United
             States Sufficient To Trigger Application Of The
             Doctrine. ..............................................................................13

        2.   ████████████████████████████████████
            █████. ..............................................................................14

    C.   WHETHER THE ACCUSED PRODUCTS ARE "SHIPPED"
        WITH REMOVABLE FLASH MEMORY MEDIA IS A
        QUESTION OF FACT THAT CANNOT BE DECIDED ON A
        MOTION FOR JUDGMENT ON THE PLEADINGS .....................16

    D.   INDUCEMENT IS SUFFICIENTLY PLED ..................................17

        1.   e.Digital Has Sufficiently Pled The Requisite Direct
            Infringement. .......................................................................17

        2.   RIM Had Actual And Constructive Notice Of The Patents-
            In-Suit and Infringement. ...................................................18

    E.   E.DIGITAL HAS ADEQUATELY PLED CONTRIBUTORY
        INFRINGEMENT..............................................................................22

i

**HANDAL & ASSOCIATES**
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

F.   RIM'S ARGUMENTS CONCERNING WILLFUL
     INFRINGEMENT ARE IMPROPERLY PRESENTED ...................22

V.   CONCLUSION ...........................................................................23

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*                    3:13-CV-00781-DMS-WVG

# TABLE OF AUTHORITIES

## CASES

*ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007)........................................................................................................................8

*Ameranth v. Papa John's USA, Inc.,* -- F.Supp.2d --, 2013 WL 2285171 at *6 (S.D.Cal. Mar. 26, 2013) ...................................................................................5

*Augustine Medical, Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1370, 52 U.S.P.Q.2d 1515 (Fed. Cir. 1999) ...............................................................11

*Bell Commc'ns Research, Inc. v. Vitalink Commc'ns Corp.*, 55 F.3d 615, 622-23 (Fed. Cir. 1995) ........................................................................................7

*Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008)...........9, 19

*Catch a Wave, Inc. v. Sirius XM Radio, Inc.,* 2013 WL 1996134, *3 (N.D. Cal. 2013)........................................................................................................................21

*Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012)..............................................5

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005) ...................................................................................9, 22

*DCG Systems v. Checkpoint Tech.*, 2012 WL 13009161 (N.D.Cal. Apr. 16, 2012).5

*Doyle v. Raley's Inc.,* 158 F.3d 1012, 1014 (9th Cir. 1998) ....................................4

*DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) ...............9

*Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ...............5

*Eagle Comtronics, Inc. v. Arrow Commc'n Labs., Inc.*, 305 F.3d 1303, 1315 (Fed. Cir. 2002) ........................................................................................................8

*EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C–12–1011 EMC, 2012 WL 4514138, at *1 (N.D.Cal. Oct.1, 2012) .....................................................9

*Excelstor Tech., Inc. v. Papst Licensing GmbH & Co. KG*, 541 F.3d 1373, 1376 (Fed. Cir. 2008) ........................................................................................6

*Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370, 1378 (Fed. Cir. 2004) ........................................................................7

*Fuji Photo Film Co., Ltd. v. Int'l Trade Comm'n*, 474 F.3d 1281, 1294 (Fed. Cir. 2007)........................................................................................................13

*Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368, 1376 (Fed. Cir. 2005)........................................................................................................13

*Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1330-1331 (Fed. Cir. 2010) ........20, 22

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

iii

*General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) .............................5

*Global-Tech Appliances Inc. v. SEB S.A*, 131 S.Ct. 2060, 2068 (May 31, 2011).....8

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1989) .................................................................................................5, 17

*In re Bill of Lading Transmission and Processing Sys. Patent Litig.,* 681 F.3d 1323, 1345 (Fed. Cir. 2012) ..............................................................................9

*In re Bill of Lading Transmission and Processing Sys. Patent Litig., supra,* 681 F.3d at 1345 ..........................................................................................20

*In re Katz Interactive Call Processing Patent Litigation*, 2010 WL 8759119, *18+ (C.D.Cal. Dec 03, 2010)............................................................................11

*In re Katz Interactive Call Processing Patent Litigation,* 821 F.Supp.2d 1135, 1159 (C.D.Cal. 2011) ....................................................................................22

*Janssen Pharmaceutica, N.V. v. Apotex, Inc.*, 540 F.3d 1353, 1363 (Fed. Cir. 2008) ..........................................................................................................11

*Jazz Photo Corp. v. Int'l Trade Comm'n,* 264 F.3d 1094, 1105 (Fed. Cir. 2001) ..13

*Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1350 (Fed. Cir. 2006) .............13

*Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993)...............................8

*LG Elec., Inc. v. Bizcom Elec., Inc.,* 453 F.3d 1364, 1370 (Fed. Cir. 2006) ...........14

*Linear Tech. Corp. v. Int'l Trade Comm'n*, 566 F.3d 1049, 1062 (Fed. Cir. 2009) .7

*Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009)...........8

*Met-Coil Systems Corp. v. Korners Unlimited, Inc.,* 803 F.2d 684, 687, 231 U.S.P.Q. 474 (Fed. Cir. 1986).............................................................................11

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005)...9

*Mformation Techs., Inc. v. Research in Motion Ltd.*, 830 F.Supp.2d 815, 837 (N.D.Cal.2011).......................................................................................22

*Motorola, Inc. v. U.S.*, 729 F.2d 765, 769–70 (Fed. Cir. 1984) ..............................21

*Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079, 2003 U.S. Dist. LEXIS 9881 at *13 (N.D.Cal. Mar. 21, 2003) ......................................................5

*Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ...............8

*Pacing Technologies, LLC v. Garmin Intern., Inc.*, 2013 WL 444642, *2 (S.D.Cal. Feb. 5, 2013)...........................................................................................9

*Pacing Technologies, LLC, supra,* 2013 WL 444642, *2, *citing EON Corp. IP Holdings, supra*, 2012 WL 4514138,    at *1 ................................................

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

iv

*Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008)...........6, 14, 15

*Spansion, Inc. v. Int'l Trade Comm'n*, 629 F.3d 1331, 1355 (Fed. Cir. 2010) .........9

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1374 (Fed. Cir. 1991) ...........................................................................................8

*Technology Licensing Corp. v. Technicolor USA, Inc.*, 2010 WL 4070208 at *1 (E.D.Cal. 2011) ...........................................................................................5

*TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1376-77 (Fed. Cir. 2008) ...........................................................................................8

*U.S. v. Univis Lens Co.*, 316 U.S. 241, 250-251 (1942)........................................15

*Wager v. Pro*, 575 F.2d 882, 884 (D.C. Cir. 1976) ...............................................5

*Wavetronix LLC v. EIS Elec. Integrated Sys.*, 573 F.3d 1343, 1360 (Fed. Cir. 2009) ...........................................................................................8

**STATUTES**

35 U.S.C. § 271 ........................................................................................6

35 U.S.C. § 271(b)....................................................................................8

35 U.S.C. § 271(c)....................................................................................9

35 U.S.C. §§ 271(a), (f), (g) .....................................................................6

35 U.S.C.A. § 287 ...................................................................................21

Federal Rule of Civil Procedure 12(c)...........................................1, 4, 5, 22

Rule 12(b)(6) ...................................................................................5, 22

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

v

## I.   **INTRODUCTION**

On or about April 1, 2013, Plaintiff e.Digital Corporation ("Plaintiff" or "e.Digital") filed this lawsuit asserting claims of patent infringement against Defendants Research In Motion Limited dba BlackBerry and Research In Motion Corporation dba BlackBerry (hereafter collectively referred to as "RIM," "BlackBerry," or Defendants") with respect to e.Digital's U.S. Patent Nos. 5,491,774 ("the '774 patent"), U.S. Patent Number 5,839,170 ("the '170 patent"), U.S. Patent No. 5,742,737 ("the '737 patent"), and U.S Patent Number 5,839,108 ("the '108 patent").  These patents are collectively referred to hereafter as the "Patents-In-Suit."  e.Digital asserts that Defendants directly infringe, contributorily infringe, and/or induce infringement of the Patents-in-Suit by making, using, offering to sell, and/or selling RIM tablets and smart phones embodying certain claims of the Patents-in-Suit, including the representative BlackBerry Z10 smart phone (the "Accused Products").

In its erroneously-named "Motion to Dismiss Under Fed. R. Civ. P. 12(c)"[1] (the "Motion"), RIM argues (1) that since RIM ███████████████████████ ████████████████████████████████████████ – e.Digital " no longer has any rights to the Asserted Patents under the Doctrine of Patent Exhaustion" and ██████████████████████████████ ██████; (2) that e.Digital fails to state a claim for direct infringement because the representative BlackBerry Z10 is allegedly not shipped for sale with removable SD cards; (3) that e.Digital fails to state a claim for indirect infringement; and (4) that e.Digital fails to state a claim for willful infringement.

---

[1] Rule 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

[2] In order to conserve resources and to avoid burdening the court with duplicative exhibits, e.Digital will refer to defendant RIM's exhibits whenever possible rather

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*     -1-                    3:13-CV-00781-DMS-WVG

1  As will be shown below, RIM's motion is entirely without merit.  RIM

2  misrepresents ███████████████████████████████████████████████

3  ████████████ and displays a fundamental misunderstanding of the scope of the

4  patent exhaustion doctrine.  RIM also improperly attempts to rely on evidence

5  outside the scope of the pleadings with respect to how it ships the Accused

6  Products.  With respect to e.Digital's indirect infringement claims, despite citing

7  extensively to e.Digital's preliminary infringement contentions ("PICs") in its

8  arguments on direct infringement, RIM completely ignores the PICs' indirect

9  infringement allegations.  More importantly, e.Digital's allegations of indirect

10  infringement are sufficient.  Finally, RIM inexplicably seeks judgment on the

11  pleadings with respect to the Complaint's allegation of willful infringement claims

12  despite the fact that the PICs expressly withdrew any claims of willful

13  infringement and despite this Court's express order that any Rule 12(c) motion on

14  the issue of willful infringement be held in abeyance until after entry of a claim

15  construction order.  Accordingly, for all of the reasons stated below, the Motion

16  must be denied.

17  ## II.  BACKGROUND

18  ### A.  U.S. PATENT NO. 5,491,774 ("the '774 patent")

19  The '774 patent, entitled "Handheld Record and Playback Device with Flash

20  Memory," issued on February 13, 1996.  (Exhibit A to Declaration of Gabriel G.

21  Hedrick ("Hedrick Decl.").)  The '774 patent generally describes a device allowing

22  for extended recording of sound to, and playing of sound back from, a removable,

23  interchangeable flash recording medium, which acts as the "sole memory of the

24  received processed sound electrical signals." (*Id.*)  The dependent claims further

25  describe, among other things, a device containing certain components capable of

26  reducing or otherwise disabling power to certain components of the device to

27  minimize power consumption.  (*Id.*)  Pursuant to the Court's Order After Case

28  Management Conference (Dkt# 23) (hereinafter, the "CMO"), ¶ 7, e.Digital has

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*    -2-                3:13-CV-00781-DMS-WVG

1   limited the asserted claims to independent claim 33 and dependent claims 2, 10,
2   15, and 23.  (e.Digital PICs, RIM Exhibit 2, at p. 2.)[2]

3   **B.   U.S. PATENT NO. 5,742,737 ("the '737 patent")**

4   The '737 patent, entitled "Method for Recording Voice Messages on Flash
5   Memory in a Hand Held Recorder," issued on April 21, 1998.  (Exhibit B to
6   Hedrick Decl.)  The '737 patent generally describes (a) a device and method for
7   storing messages on a flash memory digital recording medium utilizing a switch
8   assembly to activate a search of the flash memory for the end of a prerecorded
9   message and recording a new message on a segment of flash memory past the end
10  of that message, and further allowing for playback of the new recorded message
11  without requiring manual input from a user other than activating a multifunctional
12  switch means (independent claims 1 and 4); (b) a device and method for testing the
13  integrity of memory on a removable flash memory recording medium (independent
14  claims 9 and 13); and (c) a device that allows for indexing a message to be stored
15  on a flash memory digital recording medium (independent claim 11).  (*Id.*)
16  Pursuant to the CMO, ¶ 7, e.Digital has limited the asserted claims to independent
17  claims 1, 4, 9 and 13 and dependent claim 6.  (e.Digital PICs, RIM Exhibit 2, at p.
18  2.)

19  **C.   U.S. PATENT NO. 5,839,170 ("the '170 patent")**

20  The '170 patent, entitled "Method For Editing In Hand Held Recorder,"
21  issued on November 24, 1998.  (Exhibit C to Hedrick Decl.)  The '170 patent
22  generally describes a system and method for editing messages in a handheld
23  recorder having flash memory.  (*Id.*)  Pursuant to the CMO, ¶ 7, e.Digital has
24  limited the asserted claims to independent claims 1 and 7.  (e.Digital PICs, RIM
25  Exhibit 2, at p. 2.)

26
27  [2] In order to conserve resources and to avoid burdening the court with duplicative
    exhibits, e.Digital will refer to defendant RIM's exhibits whenever possible rather
28  than offering the identical exhibit as part of e.Digital's opposition.

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*                                3:13-CV-00781-DMS-WVG
*MOTION FOR JUDGMENT ON THE PLEADINGS*     -3-

### D.     U.S. PATENT NO. 5,839,108 ("the '108 patent")

The U.S. Patent and Trademark Office issued the '108 patent, entitled "Flash Memory File System In A Handheld Record And Playback Device," on November 17, 1998.  (Exhibit D to Hedrick Decl.)  The '108 patent generally describes, among other things, a record/playback device with removable flash memory and at least two microphones, a second one of which is used to cancel noise received at one or more separate microphones.  (*Id.*)  Pursuant to the CMO, ¶ 7, e.Digital has limited the asserted claims to independent claim 2 and dependent claim 3. (e.Digital PICs, RIM Exhibit 2, at p. 2:23-8:14.)

### E.     THE ACCUSED PRODUCTS

The accused products at issue are certain RIM tablets and mobile phone products.   (e.Digital PICs, RIM Exhibit 2, at pp. 1.)   Pursuant to the CMO, ¶ 7, e.Digital has selected the BlackBerry Z10 smart phone as a representative product for purposes of this initial set of preliminary infringement contentions.  (e.Digital PICs, RIM Exhibit 3, at p. 1, RIM Exhibit 4 at p. 1, RIM Exhibit 5 at p. 1, and RIM Exhibit 6 at p. 1.)

## III.   LEGAL STANDARD

### A.     MOTION FOR JUDGMENT ON THE PLEADINGS

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c).  A motion for judgment on the pleadings attacks the legal sufficiency of the claims alleged in the complaint.  This Court must construe "all material allegations of the non-moving party as contained in the pleadings as true, and [construe] the pleadings in the light most favorable to the [non-moving] party." *Doyle v. Raley's Inc.,* 158 F.3d 1012, 1014 (9th Cir. 1998). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*          -4-          3:13-CV-00781-DMS-WVG

1   1542, 1550 (9th Cir.1989).  "Analysis under Rule 12(c) is 'substantially identical'

2   to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine

3   whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a

4   legal remedy.'  *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012); *see also*

5   *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989);

6   *Technology Licensing Corp. v. Technicolor USA, Inc.*, 2010 WL 4070208 at *1

7   (E.D.Cal. 2011).  A defendant is not entitled to judgment on the pleadings if the

8   complaint raises issues of fact, which, if proved, would support recovery.  *General*

9   *Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist*

10  *Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).  As with Rule 12(b)(6)

11  motions, it is immaterial whether the court believes plaintiff will succeed at trial.

12  *Wager v. Pro*, 575 F.2d 882, 884 (D.C. Cir. 1976).

13          "Judgment on the pleadings is improper when the district court goes beyond

14  the pleadings to resolve an issue."  *Hal Roach Studios, Inc.*, *supra*, 896 F.2d at

15  1550.  However, this Court has expanded the categories of documents that may be

16  considered on a Rule 12(c) motion by allowing Defendants to base their motion on

17  Plaintiff's PICs.  (CMO (Dkt# 23) at ¶ 5.)  Preliminary infringement contentions

18  "must contain 'sufficient specificity to provide defendants with notice of

19  infringement beyond that which is provided by the mere language of the patents

20  themselves,' but need not be so detailed as to transform the PICs into a 'forum for

21  litigation of the substantive issues.'"  *Ameranth v. Papa John's USA, Inc.*, --

22  F.Supp.2d --, 2013 WL 2285171 at *6 (S.D.Cal. Mar. 26, 2013), *quoting Network*

23  *Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079, 2003 U.S. Dist. LEXIS 9881

24  at *13 (N.D.Cal. Mar. 21, 2003); *see also DCG Systems v. Checkpoint Tech.*, 2012

25  WL 13009161 (N.D.Cal. Apr. 16, 2012) ("These rules do not, as is sometimes

26  misunderstood, 'require the disclosure of specific evidence nor do they require a

27  plaintiff to prove its infringement case.'")

28  ///

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

E.DIGITAL'S OPPOSITION TO
MOTION FOR JUDGMENT ON THE PLEADINGS      -5-                    3:13-CV-00781-DMS-WVG

## B.    PATENT EXHAUSTION

Under 35 U.S.C. § 271, a defendant can only be liable for infringement if the allegedly infringing acts are carried out "without authority." 35 U.S.C. §§ 271(a), (f), (g).  "The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item terminates all patent rights to that item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008).  "The exhaustion doctrine prohibits patent holders from selling a patented article and then 'invoking patent law to control postsale use of the article.'" *Excelstor Tech., Inc. v. Papst Licensing GmbH & Co. KG*, 541 F.3d 1373, 1376 (Fed. Cir. 2008).  "The authorized sale of an article ***that substantially embodies*** a patent exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control postsale use of the article."  (Emphasis added.)  *Quanta*, *supra*, 553 U.S. at 638.

Thus, to establish patent exhaustion based on the sale of a component that is not the patented invention, the Court in *Quanta* requires ***factual evidence*** showing that the component substantially embodies the asserted patent claims.  *See, e.g., id.* at 633-634.  That factual evidence includes a showing that the component as used in the accused product requires nothing more than "application of common processes or the addition of standard parts" to practice the asserted claims.  *Id.* at 633.  Other factual evidence may include a showing that the accused infringer "was not required to make any creative or inventive decision when it added" the component to the accused product.  *Id.* at 634.

In addition, "[t]he patentee's authorization of an international first sale does not affect exhaustion of that patentee's rights in the United States... [F]oreign sales can never occur under a United States patent because the United States patent system does not provide for extraterritorial effect... [F]irst sales under the exhaustion doctrine [are limited] to those occurring within the United States." *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368, 1376 (Fed. Cir. 2005).

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*     -6-                      3:13-CV-00781-DMS-WVG

1   *See also, Ninestar Tech. Co. v. ITC,* 667 F.3d 1373 (Fed.Cir.2012).  The Federal

2   Circuit in *Jazz Photo* further held that "United States patent rights are not

3   exhausted by products of foreign provenance. To invoke the protection of the first

4   sale doctrine, the authorized first sale must have occurred under the United States

5   patent." *Jazz Photo, supra*, 264 F.3d at 1105.

6   ## C.   PATENT INFRINGEMENT

7   ### 1.   Direct Infringement

8   A plaintiff can establish infringement of the asserted patents either literally

9   or under the doctrine of equivalents.

10  ### a.   Literal Infringement

11  To prove literal infringement, the patentee must establish that the accused

12  device contains each limitation of the asserted claim, which is referred to as the

13  "all elements rule." *Frank's Casing Crew & Rental Tools, Inc. v. Weatherford*

14  *Int'l, Inc.*, 389 F.3d 1370, 1378 (Fed. Cir. 2004).  An accused product that

15  sometimes embodies a claimed device, but not always, nevertheless infringes.  *Bell*

16  *Commc'ns Research, Inc. v. Vitalink Commc'ns Corp.*, 55 F.3d 615, 622-23 (Fed.

17  Cir. 1995).

18  Testing of an accused device in an allegedly infringing manner constitutes

19  direct infringement.  *See, e.g.*, *Linear Tech. Corp. v. Int'l Trade Comm'n*, 566 F.3d

20  1049, 1062 (Fed. Cir. 2009) (holding that testimony that a respondent tested its

21  accused products was substantial evidence that supported the International Trade

22  Commission's finding that the respondent directly infringed an asserted method

23  claim).

24  ### b.   Infringement Under the Doctrine of Equivalents

25  "Infringement under the doctrine of equivalents may be found when the

26  accused device contains an 'insubstantial' change from the claimed invention.

27  Whether equivalency exists may be determined based on the 'insubstantial

28  differences' test or based on the 'triple identity' test...." *TIP Sys., LLC v. Phillips*

**HANDAL & ASSOCIATES**
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*      -7-

3:13-CV-00781-DMS-WVG

1  & *Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1376-77 (Fed. Cir. 2008) (citations

2  omitted).  "An element in the accused product is equivalent to a claim limitation if

3  the differences between the two are 'insubstantial' to one of ordinary skill in the

4  art." *Wavetronix LLC v. EIS Elec. Integrated Sys.*, 573 F.3d 1343, 1360 (Fed. Cir.

5  2009) (quoting *Eagle Comtronics, Inc. v. Arrow Commc'n Labs., Inc.*, 305 F.3d

6  1303, 1315 (Fed. Cir. 2002)).  Under the "triple identity" test, a plaintiff must

7  prove "on a limitation-by-limitation basis that the accused product performs

8  substantially the same function in substantially the same way with substantially the

9  same result as each claim limitation of the patented product." *Id.*

### c.       Infringement of a Method Claim

11  "To infringe a method claim, a person must have practiced all steps of the

12  claimed method." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed.

13  Cir. 2009); *see Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993).

14  Furthermore, "[m]ethod claims are only infringed when the claimed process is

15  performed, not by the sale of an apparatus that is capable of infringing use."

16  *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006); *Standard*

17  *Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1374 (Fed. Cir. 1991).

### 2.       Indirect Infringement

### a.       Inducement

20  Under 35 U.S.C. § 271(b), a plaintiff claiming induced infringement must

21  prove (1) instances of direct infringement by a third party and (2) that the

22  respondent knowingly induced infringement and had specific intent to encourage

23  another's infringement.  *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501

24  F.3d 1307, 1312 (Fed. Cir. 2007).

25  Induced infringement under § 271(b) requires knowledge that the induced

26  acts constitute patent infringement.  *Global-Tech Appliances Inc. v. SEB S.A*, 131

27  S.Ct. 2060, 2068 (May 31, 2011).  The mere filing of a complaint for patent

28  infringement can satisfy this knowledge element.  *Pacing Technologies, LLC v.*

*HANDAL & ASSOCIATES*
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*                                    3:13-CV-00781-DMS-WVG
*MOTION FOR JUDGMENT ON THE PLEADINGS*      **-8-**

1  *Garmin Intern., Inc.*, 2013 WL 444642, *2 (S.D.Cal. Feb. 5, 2013), *citing EON*

2  *Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C–12–1011 EMC, 2012 WL

3  4514138, at *1 (N.D.Cal. Oct.1, 2012) ("Though the claims for indirect

4  infringement both require knowledge of the patent, the Federal Circuit has recently

5  held that post-filing knowledge is sufficient to meet this requirement"), *citing In re*

6  *Bill of Lading Transmission and Processing Sys. Patent Litig.,* 681 F.3d 1323,

7  1345 (Fed. Cir. 2012).

8        Specific intent requires a "showing that the alleged infringer's actions

9  induced infringing acts and that he knew or should have known his actions would

10  induce actual infringements." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293,

11  1304 (Fed. Cir. 2006) (en banc in relevant part).  A patentee can establish intent to

12  induce infringement through circumstantial evidence. *Broadcom Corp. v.*

13  *Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008).

14                    **b.     Contributory Infringement**

15        Under 35 U.S.C. § 271(c), a seller of a component of an infringing product

16  may be liable for contributory infringement if: (1) there is direct infringement by a

17  third party; (2) the contributory infringer knows that the combination for which its

18  component was made was both patented and infringing; and (3) there are no

19  substantial noninfringing uses for the component part.  *Cross Med. Prods., Inc. v.*

20  *Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005). A plaintiff

21  need only establish a minimal scienter requirement—that the accused contributory

22  infringer knew that its component was included in a combination that was patented

23  and infringing.  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S.

24  913, 932 (2005); *Spansion, Inc. v. Int'l Trade Comm'n*, 629 F.3d 1331, 1355 (Fed.

25  Cir. 2010).

26  ///

27  ///

28  ///

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:   619.544.6400
FAX:   619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*          **-9-**                      3:13-CV-00781-DMS-WVG

1  IV.  **ARGUMENT**

2      **A.**  ████████████████████████████████████

3                                          **DOES NOT INSULATE RIM FROM**

4      **LIABILITY**[3]

5          RIM argues that e.Digital's infringement claims are "deficient as a matter of

6  law" because ██████████████████████████████████████████████████

7  ██████████████████████████████████.  (RIM Motion at p. 6.)

8  ████████████████████████████████████████████████████████

9  ████████████████████████████████████████████

10 ████████████████████████████████.  (*Id.*)  First and

11 foremost, the Samsung Agreement is outside the scope of the pleadings.  RIM has

12 not requested judicial notice of the Samsung Agreement and has not set forth any

13 grounds for why the Samsung Agreement should be subject to judicial notice.

14 Furthermore, this issue is unrelated to the sufficiency of e.Digital's allegations, but

15 apparently relates, instead, to RIM's fifth affirmative defense of "license, patent

16 exhaustion."  (*See* RIM Answer (Dkt# 26) at ¶ 60.)  It is therefore inappropriate for

17 consideration on the present motion.

18          Nevertheless, RIM misrepresents the scope of the Samsung Agreement.  The

19 portion of the Agreement relied upon by RIM provides: ████████████████

20 ████████████████████████████████████████████████████

21 ████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████

23 ████████████████████████████████  However, unlike the

24 ─────────────────────

25 [3] RIM obtained the redacted agreement from e.Digital after RIM served a subpoena
   on Samsung in violation of this Court's order staying fact discovery until after at

26 least the claim construction hearing.  (CMO (Dkt# 23) at ¶ 9.)  After objecting to
   the subpoena and meeting and conferring with counsel for RIM, e.Digital agreed to

27 provide a redacted copy of the Samsung Agreement in hopes of resolving these
   issues.

28

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*        -10-        3:13-CV-00781-DMS-WVG

agreement at issue in *Janssen Pharmaceutica, N.V. v. Apotex, Inc.*, 540 F.3d 1353, 1363 (Fed. Cir. 2008) relied upon by RIM, █████████████████

RIM bears the burden of proving its products are licensed. *See, Augustine Medical, Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1370, 52 U.S.P.Q.2d 1515 (Fed. Cir. 1999). *Met-Coil Systems Corp. v. Korners Unlimited, Inc.,* 803 F.2d 684, 687, 231 U.S.P.Q. 474 (Fed. Cir. 1986); *In re Katz Interactive Call Processing Patent Litigation*, 2010 WL 8759119, *18+ (C.D.Cal. Dec 03, 2010). It therefore bears the burden of showing █████████████████

RIM relies solely on the unsupported hearsay declaration of its in-house paralegal, who asserts without personal knowledge that ████████████. (RIM Exhibit 7 at ¶s 2-3; *see also* e.Digital's Objections to the Declaration of Kent W. Serratt, filed herewith.)  Even if this inadmissible evidence were considered, the fact that █████████████████

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:   619.544.6400
FAX:   619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*          -11-                    3:13-CV-00781-DMS-WVG

█████████████████████████████████████████████████████████ By

way of example, independent claims 1 and 9 of the '737 patent require a "handheld

recording device," a "multifunctional switch assembly," "a record switch

assembly," "printed circuit board," and a "microcontroller."  ('737 patent, Exhibit

B to Hedrick Decl., claims 1 and 9.)  Claims 1 and 7 of the '170 patent likewise

require a handheld recorder.  ('170 patent, Exhibit C to Hedrick Decl., claims 1

and 7.)  Claim 1 further requires "means for selecting an edit point…," "means for

generating an edited message…," and "means for playing said message

segments…"  (*Id.*)  The other patents likewise disclose additional components███

██████████████████████████████████████████████████████████████████.

(*See*, *generally*, '774 patent and '108 patent, Exhibits A and D to Hedrick Decl.)

RIM makes no effort to argue, because they cannot, that these other claim

limitations ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

Furthermore, claims 13 and 6 of the '737 patent relate to the testing of

removable flash memory chips.  The claims of the '774 patent and '108 patent

likewise relate to devices containing removable, interchangeable flash memory.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

Based on the foregoing, RIM has failed to meet its burden of proving not

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*          -12-                3:13-CV-00781-DMS-WVG

only the sufficiency of e.Digital's allegations, but also its affirmative defense of license. As such, RIM claim that ███████████████████████████████ ████████████████████████ is without merit and the Motion should be denied.

### B.    RIM IS NOT ENTITLED TO AN AFFIRMATIVE DEFENSE OF PATENT EXHAUSTION

#### 1.    RIM Has Failed To Show A First Sale Within The United States Sufficient To Trigger Application Of The Doctrine.

An accused infringer that raises the affirmative defense of patent exhaustion bears the burden of proving that defense by a preponderance of the evidence. *See Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1350 (Fed. Cir. 2006); *see also Fuji Photo Film Co., Ltd. v. Int'l Trade Comm'n*, 474 F.3d 1281, 1294 (Fed. Cir. 2007). An "authorized" sale of a patented article that exhausts patent rights only occurs when (1) the patentee itself made the sale or (2) a licensee made the sale with the patentee's authority. *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, 394 F.3d 1368, 1376 (Fed. Cir. 2005).

To carry its burden, the accused infringer must establish that the patented article underwent an exhausting first sale in the United States, which thereafter terminates all patent rights to that item. *Jazz Photo Corp. v. United States*, 439 F.3d at 1350 ("when a patented device has been lawfully sold in the United States, subsequent purchasers inherit the same immunity under the doctrine of patent exhaustion"). "Foreign sales can never occur under a United States patent because the United States patent system does not provide for extraterritorial effect." *Fuji Photo Film Co., Ltd. v. Jazz Photo Corp.*, *supra*, 394 F.3d at 1376; *see also Jazz Photo Corp. v. Int'l Trade Comm'n*, 264 F.3d 1094, 1105 (Fed. Cir. 2001) ("To invoke the protection of the first sale [patent exhaustion] doctrine, the authorized first sale must have occurred under the United States patent.") Thus, "[t]he patentee's authorization of an international first sale does not affect exhaustion of

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*    **-13-**                3:13-CV-00781-DMS-WVG

1    that patentee's rights in the United States." *Id.*

2         RIM fails to meet its burden of proving that all of the infringing manufacture

3    and sales with respect to all of the Accused Products occurred in the United States.

4    RIM is completely silent as to █████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████; RIM Answer to

8    Complaint (Dkt# 26) ¶ 6.)  Again, all reasonable inferences must be drawn in

9    e.Digital's favor and all allegations of the Complaint must be taken as true.

10   Because RIM has not established the territoriality requirement of its patent

11   exhaustion defense, its patent exhaustion argument fails as a matter of law.

12   ████████████████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████████████

14   ███████████████████████████

15        The Supreme Court addressed the application of patent exhaustion in

16   *Quanta.* In that case, LG licensed its computer technology patents to Intel,

17   authorizing Intel to manufacture and sell microprocessors and chipsets under the

18   patents. In a separate agreement, LG required Intel to provide its customers with a

19   written notice that the license between LG and Intel did not extend to any product

20   made by combining an Intel product with a non-Intel product.  Quanta purchased

21   microprocessors and chipsets from Intel and placed them in computers

22   manufactured with non-Intel parts.  LG sued Quanta, asserting that the

23   combination infringed its patents.  *See Quanta,* 553 U.S. at 623-624.

24        The district court found, and the Federal Circuit affirmed, that patent

25   exhaustion did not apply to method patents and thus that LG could assert its patent

26   rights against Quanta.  *See LG Elec., Inc. v. Bizcom Elec., Inc.,* 453 F.3d 1364,

27   1370 (Fed. Cir. 2006).  The Supreme Court reversed, holding that patent

28   exhaustion does in fact apply to method patents, including the patents at issue in

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*      -14-                   3:13-CV-00781-DMS-WVG

1   the case.  *Quanta*, *supra* at 628, 638.  In so holding, the Court made clear that

2   when a component of a patented system is sold, but is required to be combined

3   with additional components after the sale in order to fully practice the patented

4   method, the sale of the component ***only*** triggers patent exhaustion when the

5   component "substantially embod[ies]" the patents-in-suit.  *Id.* at 621, 633.

6   According to the *Quanta* Court, an item "substantially embodies" the patent when

7   it covers the "essential, or inventive, feature" of the patent and when the item's

8   only reasonable and intended use is to practice the patent.[4]  *Id.* at 632-633.

9       In *Quanta,* LG's patents were found to be exhausted because "[e]verything

10  inventive about each patent [was] embodied in the Intel Products" and "the only

11  step necessary to practice the patent [was] the application of common processes or

12  the addition of standard parts."  *Id.* at 633.  In making this determination, the Court

13  relied on its prior reasoning in *Univis,* which found exhaustion in part because the

14  item sold "embodie[d] essential features of [the] patented invention" whereas the

15  finishing process required to practice the patent was a standard process barely

16  mentioned in the patents-in-suit and thus only "incidental to the invention."  *Id.* at

17  632-633 (quoting *U.S. v. Univis Lens Co.,* 316 U.S. 241, 250-251 (1942).

18      Similarly here, to determine whether the Patents-In-Suit have been

19  exhausted, the Court must make the factual determination as to ████████████

20  █████████████████████████████████████████████████████

21  ███████████████████████████████████████████████████████

22  █████████████████████████████████████████████████████

23  █████████████████████████████████████████████████████

24  ████████████████████████████████████  RIM points only to portions of

25  e.Digital's PICs that relate to just a single limitation of certain asserted claims.

26

27  ────────────────

    [4] Such a position would seem at odds with RIM's contention that the relevant
    components of the Accused Products have substantial noninfringing uses.  (RIM
28  Motion, p. 14:13-16.)

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

1    (RIM Motion, pp. 8:17-9:1.)  This evidence fails to satisfy RIM's burden.  A

2    component that only embodies one limitation of a claim cannot thereby

3    "substantially embody" the claim as a whole.

4         In any event, these are factual questions that are not suitable for

5    determination with respect to a motion for judgment on the pleadings.  Moreover,

6    e.Digital has had no opportunity to conduct discovery on such issues. Entry of

7    judgment in favor of RIM on this affirmative defense would therefore be improper

8    at this stage of the proceedings.

9         Based on the foregoing, RIM's motion for judgment on the pleadings with

10   respect to its patent exhaustion defense is without merit.  e.Digital therefore

11   respectfully requests that the Motion be denied.

12   **C.    WHETHER THE ACCUSED PRODUCTS ARE "SHIPPED"**

13   **WITH REMOVABLE FLASH MEMORY MEDIUM IS A**

14   **QUESTION OF FACT THAT CANNOT BE DECIDED ON A**

15   **MOTION FOR JUDGMENT ON THE PLEADINGS**

16        RIM argues in its Motion that it allegedly does not "ship" the Z10 phones

17   with removable flash memory.  To prove this allegation, it provides only the self-

18   serving, hearsay declaration RIM's in-house Paralegal Kent W. Serratt.  (Dkt#39-

19   7, Exhibit 7 to Motion, Decl. Serratt, at ¶ 4; *see also* Objection to Declaration of

20   Kent W. Serratt, filed herewith).

21        Whether the Z10 is actually shipped with a removable flash memory

22   medium is a pure factual question that cannot be resolved on a motion for

23   judgment on the pleadings.  More importantly, as noted above, the Court must

24   accept all allegations asserted in the Complaint as true for purposes of this Motion

25   and all reasonable inferences must be made in e.Digital's favor.  The Complaint

26   alleges that RIM "sell[s], ship[s] or otherwise deliver[s] the accused products with

27   all the features required to infringe the asserted claims" of the Patents-In-Suit.

28   (Complaint (Dkt# 1), ¶s 24, 44, 54.)  The Court must accept these allegations as

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*          -16-                    3:13-CV-00781-DMS-WVG

1   true despite RIM's unsupported, conclusory, hearsay declaration to the contrary.

2   *See Hal Roach Studios*, *supra*, 896 F.2d at 1550 (holding that any factual

3   allegations by the moving party that have been denied by the non-moving party

4   must be deemed false).  Accordingly, the Court cannot decide this factual dispute

5   at this time and the Motion should be denied.

6         RIM artfully crafts its argument to state that the representative Z10 product

7   is not "shipped" with removable flash memory media, but is silent as to whether

8   the devices are ultimately sold, tested or otherwise used in the United States with

9   the removable flash memory cards that the devices were designed to incorporate.

10  RIM is further silent as to whether any of the dozens of other Accused Products are

11  shipped, sold, offered for sale, or otherwise used in the United States with

12  removable flash memory cards.  Thus, even if RIM's inadmissible evidence were

13  true, it fails to adequately controvert e.Digital's direct infringement allegations.

14        Based on the foregoing, RIM's motion for judgment on the pleadings as to

15  direct infringement of claims requiring removable flash memory media is without

16  merit.  e.Digital therefore respectfully request that RIM's motion be denied.

17  **D.   INDUCEMENT IS SUFFICIENTLY PLED**

18        RIM asserts that e.Digital only conclusorily alleges induced infringement in

19  the Complaint.  (RIM Motion at p. 10.)  On the contrary, as set forth below the

20  Complaint sufficiently alleges induced infringement against RIM.  Furthermore,

21  despite repeatedly citing to e.Digital's PICs in its arguments regarding direct

22  infringement, RIM entirely ignores the PICs in its discussion of induced

23  infringement.  To the extent the Court may find that the allegations of the

24  Complaint are insufficient, such defects were cured by the PICs.

25  **1.   e.Digital Has Sufficiently Pled The Requisite Direct**

26  **Infringement.**

27        RIM argues that e.Digital has failed to adequately plead direct infringement

28  in light of the arguments addressed above.  For the reasons described above, RIM

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*   -17-

3:13-CV-00781-DMS-WVG

1   is incorrect.  As set forth above, RIM's arguments regarding its affirmative

2   defenses of license and patent exhaustion are wrong and, in any event, beyond the

3   scope of the pleadings.  As also set forth above, RIM's argument that it does not

4   "ship" the representative Z10 product with a removable flash memory chip is

5   likewise without merit and outside the scope of the pleadings.  Thus, to the extent

6   RIM's motion is based on an alleged failure to sufficiently plead a direct

7   infringement, the motion must be denied.

8        **2.      RIM Had Actual And Constructive Notice Of The Patents-**

9              **In-Suit and Infringement.**

10            **a.      e.Digital Has Sufficiently Pled Infringement By**

11                  **Inducement.**

12       RIM argues that "e.Digital fails to plead any facts to show in its Complaint

13  that Blackberry had knowledge and notice of [the Patents-In-Suit]...."  (RIM

14  Motion at p. 11:16-20.)  This is incorrect.   In fact, the Complaint alleges:

15       "Defendants had knowledge of infringement of the '737 patent since
16       at least the filing of this complaint and perhaps as early as 2010 by
         virtue of the Plaintiff's filing of complaints against others within
17       Defendants' industry. On information and belief, Defendants have
         continued to sell products that practice the '737 patent after acquiring
18       knowledge of infringement."
19

20  (Complaint, Dkt # 1 at ¶ 25; *see also* ¶s 25, 45 and 52[5].)

21       e.Digital therefore alleged that RIM had notice of the patents by the filing of

22  the Complaint in this action and by virtue of the filing of the Complaints and

23  proceedings in the Texas and Colorado cases.  e.Digital further pled that RIM

24  continued to sell the products even after obtaining the referenced notice, a fact

25  _____

26  [5] RIM is correct that the allegations of the Complaint differ as to knowledge of the
    '170 patent.  (RIM Motion at p. 11:18-19.)  This was an inadvertent omission that
27  was cured by the PICs.  (*See* '170 patent PICs, RIM Exhibit 2, at pp. 10:4-12,
    10:20-11:4.)

28

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*      -18-                    3:13-CV-00781-DMS-WVG

from which the intent element can be inferred. *See Broadcom Corp. v. Qualcomm Inc.*, *supra*, 543 F.3d at 699 (patentee can establish intent to induce infringement through circumstantial evidence). Since the Court must accept all of e.Digital's allegations as true for purposes of this Motion and e.Digital has specifically alleged that RIM had knowledge of the patents at issue prior to and after the filing of the lawsuit, yet continued to sell the Accused Products, judgment on the pleadings is not warranted. Accordingly, RIM starts off with a flawed premise, namely that e.Digital fails to plead knowledge and notice.

e.Digital's PICs disclose additional facts that RIM fails to address. Patent Local Rule ("Patent L.R.") 3.1.d provides, in pertinent part, that a plaintiff must disclose the following:

> For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.

Consistent with the Patent L.R. 3.1.d, the Court ordered as follows:

> "If Plaintiff asserts indirect infringement (contributory or inducement) by a Defendant, Plaintiff shall provide as part of the initial infringement contentions an example of how the Defendant indirectly infringes, including the identity of the direct infringer and factual basis for the Defendant's intent."

(CMO at p. 4:6-9.)

e.Digital has complied with both the Local Rules and the CMO. In its PICs served on RIM, e.Digital identified the direct infringers and alleged that RIM has had knowledge of its infringement of the asserted patents since at least the filing of the Complaint in this action and, since that time, has taken affirmative steps to cause its customers to infringe the asserted patents. (e.Digital PICs, RIM Exhibit 2, at pp. 8:24-11:4.) Those affirmative steps taken after obtaining knowledge of its infringement establish RIM's specific intent and include: "advising others to use the Accused Products in an infringing manner; advertising and promoting the use

HANDAL & ASSOCIATES
1200 THIRD AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

of the Accused Products in an infringing manner; and distributing instructions (such as those cited in the attached charts) that guide users to use the Accused Products in an infringing manner." (*Id.* at pp. 10:24-11:4.)  Based on the foregoing, e.Digital has duly and sufficiently alleged that RIM has engaged in conduct constituting inducement.

Relying on a District of Delaware case, RIM argues that the filing of the complaint is insufficient to establish notice in support of a claim of inducement. (RIM Motion at pp. 13:9-14:1.)  Recent cases in this District and the Federal Circuit suggest otherwise.  *Pacing Technologies, LLC*, *supra*, 2013 WL 444642, *2, *citing EON Corp. IP Holdings*, *supra*, 2012 WL 4514138, at *1 ("Though the claims for indirect infringement both require knowledge of the patent, the Federal Circuit has recently held that post-filing knowledge is sufficient to meet this requirement"), which in turn cites *In re Bill of Lading Transmission and Processing Sys. Patent Litig., supra,* 681 F.3d at 1345.  RIM's argument therefore has no merit.

Finally, RIM argues that intent cannot be inferred if a product has substantial noninfringing uses.  (RIM Motion, p. 14:18.)  RIM conclusorily, and without citation to any admissible evidence, asserts that the Accused Products have substantial noninfringing uses.  However, this is a factual dispute that cannot be resolved at the pleading stage.  Moreover, in asserting the alleged noninfringing uses (which is not an element of inducement and thus need not be pleaded), RIM improperly looks at the device as a whole rather than the specific features and methods responsible for infringement.  *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1330-1331 (Fed. Cir. 2010).  Indeed, RIM's motion contains no analysis of the alleged noninfringing uses as they relate to the specific components and functions claimed in the Patents-in-Suit.  By way of example only and without limitation, claim 2 of the '108 patent discloses a record/playback device with two microphones, the second one of which cancels the noise received at the first

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*      -20-                        3:13-CV-00781-DMS-WVG

microphone.  ('108 patent, Exhibit D to Hedrick Decl., Claim 2.)  RIM fails to explain how this second noise-canceling microphone is capable of substantial noninfringing uses.  Claim 3 of the same patent calls out a barcode reader.  (*Id.* at Claim 3.)  RIM makes no attempt to explain how this barcode reader is capable of substantial noninfringing uses.  By way of further example, claim 7 of the '170 patent discloses a method for editing messages in a handheld recording device.  ('170 patent, Claim 7.)  RIM likewise does not explain how this method is capable of noninfringing uses.

Based on the foregoing, e.Digital respectfully requests that RIM's motion for judgment on the pleadings as to induced infringement be denied.

### b.      Failure To Mark Is A Limitation On Damages, Not A Pleading Requirement Or Defense To Inducement.

A failure to mark limits a patentee's damages; it does not provide a defense to patent infringement.  *Motorola, Inc. v. U.S.*, 729 F.2d 765, 769–70 (Fed. Cir. 1984) (reversing summary judgment in favor of government, § 287 is not a defense but a limitation on damages); *see also Catch a Wave, Inc. v. Sirius XM Radio, Inc.,* 2013 WL 1996134, *3 (N.D. Cal. 2013).   e.Digital therefore struggles to understand how this issue is proper for a motion for judgment on the pleadings.

Nevertheless, RIM argues, without citation to any evidence, that e.Digital has not marked its own products and that its licensees have likewise failed to do so.  (RIM Motion at pp. 12:1-13:8.)  RIM relies only on the fact that the complaint does not allege that e.Digital or its licensees mark its products with the Patents-in-Suit.  (*Id.* at p. 13:2-5.)  However, RIM fails to point to any law that requires e.Digital to plead marking as an element of indirect infringement.  In any event, e.Digital's PICs allege that it marked its own products with at least the '774 patent.  (e.Digital PICs, RIM Exhibit 2, at p. 12:8-13.)

In addition, e.Digital has asserted several method claims against RIM in this matter.  The notice provisions of 35 U.S.C.A. § 287 do not apply where the patent

HANDAL & ASSOCIATES
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS*          -21-          3:13-CV-00781-DMS-WVG

1   is directed to a process or method.  *See, e.g., Fujitsu Ltd. v. Netgear Inc.*, *supra*,

2   620 F.3d 1321;  *Mformation Techs., Inc. v. Research in Motion Ltd.*, 830

3   F.Supp.2d 815, 837 (N.D.Cal.2011); *In re Katz Interactive Call Processing Patent*

4   *Litigation,* 821 F.Supp.2d 1135, 1159 (C.D.Cal. 2011).  RIM's arguments therefore

5   have no application to said method claims.

6          Based on the foregoing, to the extent RIM's motion is based on an alleged

7   failure to sufficiently plead a inducement of infringement, e.Digital respectfully

8   requests that the motion be denied.

9          **E.     E.DIGITAL HAS ADEQUATELY PLED CONTRIBUTORY**

10                 **INFRINGEMENT**

11         Contributory infringement does not contain the same "intent" element of

12  inducement of infringement.  However, like inducement, contributory infringement

13  does require knowledge of the patents-in-suit.  *See Cross Med. Prods., Inc.*, *supra*,

14  424 F.3d at 1312 (setting forth the elements of contributory infringement).  RIM's

15  arguments on this issue echo the arguments discussed above.  To that extent,

16  e.Digital incorporates the above arguments as though set forth fully hereunder.

17         **F.     RIM'S ARGUMENTS CONCERNING WILLFUL**

18                 **INFRINGEMENT ARE IMPROPERLY PRESENTED**

19         In the CMO, the Court specifically indicated that RIM could not file any

20  motion with respect to willfulness until after claim construction.  The Court

21  ordered, "To the extent any Defendants intend to seek dismissal for failure to state

22  a claim for willful infringement, they may not present the issue in a Rule 12(b)(6)

23  motion, but may present it in a Rule 12(c) or 56 motion *after the claim*

24  *construction ruling*."  (CMO (Dkt #23) at ¶ 5.)  In any event, RIM's motion is

25  moot.  In its PICs, e.Digital expressly withdrew its willfulness allegations subject

26  to further discovery against RIM.  (e.Digital PICs, RIM Exhibit 2, at pp. 12:25-

27  13:4.)

28  ///

**HANDAL & ASSOCIATES**
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:   619.544.6400
FAX:   619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*      **-22-**                    3:13-CV-00781-DMS-WVG

1   **V.     CONCLUSION**

2          Based on the foregoing, e.Digital respectfully requests that RIM's motion

3   for judgment on the pleadings be denied in its entirety.  To the extent the Court is

4   declined, to grant any portion of the motion, e.Digital requests leave to amend its

5   preliminary infringement contentions to cure any defect the court may find.

6                                           Respectfully submitted.

7   July 19, 2013                           HANDAL & ASSOCIATES

8

9

10                              By:    /s/ Gabriel G. Hedrick
                                       Anton N. Handal
11                                     Gabriel G. Hedrick
                                       Pamela C. Chalk
12                                     Attorneys for Plaintiff
13                                     E.DIGITAL CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HANDAL & ASSOCIATES**
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*          -23-                     3:13-CV-00781-DMS-WVG

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per CivLR 5.4(d).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 19th day of July, 2013 at San Diego, California.


/s/ Gabriel G. Hedrick
Gabriel G. Hedrick

*HANDAL & ASSOCIATES*
1200 THIRD  AVE
SUITE 1321
SAN DIEGO, CA 92101
TEL:  619.544.6400
FAX:  619.696.0323

*E.DIGITAL'S OPPOSITION TO*
*MOTION FOR JUDGMENT ON THE PLEADINGS*        -24-        3:13-CV-00781-DMS-WVG